# JACK G. GOLDBERG

COUNSELLOR AT LAW
225 BROADWAY - SUITE 905
NEW YORK, NEW YORK 10007
(212).227.1900
FACSIMILE (212).227.2736

JACK G. GOLDBERG
———
MEMBER NEW YORK STATE
AND DISTRICT OF COLUMBIA BARS

Cell Phone
(917) 886 4812

Email
jackgoldberg2000@yahoo.com

<u>VIA MAIL & ECF</u>

November 13, 2011

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza
Brooklyn, New York 11201

    Re: <u>United States v. Christopher Barret</u>
       Cr. No. 10-809 (S-2) (KAM)

Dear Judge Matsumoto:

As requested, I have enclosed two courtesy copies of Mr. Barret's Affidavit made in support of his Motion to Suppress. The Affidavit will be simultaneously filed ECF on November 14, 2011.

In addition to the above, the undersigned met with Mr. Barret at the MDC this afternoon and resolved the communication problem I referred to at the November 10, 2011 status conference. In the course of that meeting Mr. Barret repeated his objection to adjourning this matter beyond the currently established trial schedule. Mr. Barret has been incarcerated for over year and asked me to inform this court that any further delays would violate his right to a speedy trial.

Respectfully,

Jack G. Goldberg,

JGG/sh
Enclosures
cc AUSA Vamshi Reddy
    Christopher Barret

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x    10- Cr-809 (KAM)
UNITED STATES OF AMERICA,

            -against-    DEFENDANT'S AFFIDAVIT
                                                                  IN SUPPORT OF HIS MOTION
                                                                MOTION TO SUPPRESS

CHRISTOPHER BARRET et. al.

                Defendants,
----------------------------------------------------------x

STATE OF NEW YORK      )
COUNTY OF KINGS       ) ss.:

        CHRISTOPHER BARRET, being duly sworn, deposes and says:

1.     I am the defendant herein and submit my affidavit in support of relief requested in the attached Notice of Motion and more particularly the application for an order suppressing the use by the Government in any criminal proceeding of any and all of the tangible evidentiary items seized by a contingent of federal agents including members of the Drug Enforcement Administration who on October 7, 2010 entered and searched premises 133-37 147th Street, South Ozone Park, New York.

2.     Deponent has read and understood the Affirmation previously submitted by my attorney Jack G. Goldberg, Esq. in support of our motion for pre-trial relief and adopt its contents. I moreover adopt the remainder of the moving papers submitted in support of the various forms of pre-trial relief.

3.     Deponent has read Special Agent Ando's "Affidavit In Support of Search Warrant" also dated October 7, 2010 and upon information and belief and personal knowledge asserts that Agent Ando's Affidavit contains a significant number of

        omissions, half truths, factual misstatements and exaggerations that clearly demonstrate both "bad faith" and a deliberate and reckless disregard for the truth.

4. That the agents of Government would have to resort to half truths, factual misstatements and exaggerations evidences the Government lacked "probable cause"; the legal standard necessary to obtain a valid search warrant.

5. Prior to the deponent's arrest also on October 7, 2010, deponent resided at 133-37 147th Street, South Ozone Park, New York and for that reason had and continues to have a "privacy interest" in premises 133-37 147th Street, South Ozone Park, New York. Two of deponent's children lived there on October 7, 2010.

6. Deponent was not present at premises 133-37 147th Street, South Ozone Park, New York on October 7, 2010, when law enforcement personnel entered the premises and conducted what those present have described as a wide-ranging and general search of the entire premises. Deponent has also been informed that the agents never exhibited any type of warrant and arrested a number of individuals in the vicinity of and inside the premises. Deponent moreover learned that the search continued for many hours.

7. While deponent was also arrested on October 7, 2010, deponent was never asked to consent to a the search of 133-37 147th Street, South Ozone Park, New York

8. Deponent challenges his arrest, the search of his person and the search of 133-37 147th Street, South Ozone Park, NY. I've examined the discovery including the agent's reports that identify the items listed, photocopied and made a part of the 'inventory'. Papers and documents listed as being removed from the premises belong to deponent.

9. While this affidavit has been drafted by deponent's attorney, Jack G. Goldberg, Esq., deponent has read it and agrees with its contents. Deponent has moreover been advised by his attorney that in his opinion the search and seizure was illegal, in that both the search warrant and warrant of arrest lacked probable cause. That it moreover appears that the Complaint was never endorsed by a United States Magistrate Judge on October 8, 2010 and in any event is fatally defective in that the allegations in it and the search warrant are fatally defective because they do not spell out probable cause and that the granting of said warrants violated the Fourth Amendment to the Constitution of the United States.

10. Because this affidavit is submitted for the limited purpose of supporting deponent's motion to suppress physical evidence it does not include each and every fact known to deponent.

11. Your affiant respectfully urges that this application be granted and that the Government be estopped from using said items in any criminal proceeding, as well as any information or fruits gleaned therefrom.

_____
CHRISTOPHER BARRET

Sworn to before me this
13TH day of November, 2011

_____
Notary Public

JACK G. GOLDBERG
Notary Public, State of New York
No. 02GO5024359, New York County
Term Expires September 19, 2014

3