

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2010R01882 *271 Cadman Plaza East*
*Brooklyn, New York  11201*

November 17, 2011

**BY ECF AND HAND DELIVERY**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

              Re:  United States v. Christopher Barret et al.
                   Criminal Docket No. 10-809 (KAM)

Dear Judge Matsumoto:

          The government respectfully submits this letter in response to the affidavit of defendant CHRISTOPHER BARRET in support of his motion to suppress evidence, filed on November 14, 2011, and to supplement the government's October 17, 2011 Memorandum of Law in Opposition to Defendants' Pretrial Motions in the above-referenced matter.  BARRET's affidavit fails to sufficiently raise any disputed issues of fact that would require a hearing.  Accordingly, for all of the reasons set forth below and in the government's Memorandum of Law, the Court should deny BARRET'S motion in its entirety without a hearing.


     A.   BARRET is Not Entitled to an Evidentiary Hearing

          A defendant moving for the suppression of evidence seized following a search is not automatically entitled to an evidentiary hearing unless he supports his motion with "moving papers [that] are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question," United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992), including an affidavit of someone alleging personal knowledge of the relevant facts, see, e.g., United States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967).

          In his motion to suppress evidence obtained from a search executed on his home residence on October 7, 2010, BARRET makes no reference to any concrete, specific facts – he simply

contends in conclusory fashion that the search warrant issued by the Honorable Joan Azrack "fails to contain facts sufficient <u>as a matter of law</u> to establish probable cause to believe that criminal activity existed and that evidence of such activity would be found at the location to be searched." (Def. Mot. at 18) (emphasis added).  BARRET's affidavit in support of the motion does little more than reiterate this purely legal argument: "Deponent has . . . been advised by his attorney that in his opinion the search and seizure was illegal, in that both the search warrant and warrant of warrant of arrest lacked probable cause." (Def. Aff. ¶ 9).  A defense attorney's opinion as to the sufficiency of probable cause supporting the issuance of a warrant hardly evinces "personal knowledge of the relevant facts." <u>Gillette</u>, 383 F.2d at 848; <u>see also</u> <u>United States v. Barrios</u>, 2000 U.S. App. LEXIS 7133 (2d Cir. Apr. 18, 2000) (holding attorney's affidavit insufficient to warrant an evidentiary hearing due to the attorney's lack of personal knowledge of the facts).

Moreover, BARRET's affidavit raises no genuine dispute as to <u>any</u> contested issue of fact going to the validity of the search or his arrest.  Indeed, since BARRET has not made any effort to identify which specific facts relevant to the search and/or arrest, if any, are actually in dispute, it is not even clear what witnesses would testify at an evidentiary hearing.  Given the bare-bones, conclusory and speculative nature of BARRET's motion and supporting documents, no evidentiary hearing is warranted in this case.  <u>See</u>, <u>e.g.</u>, <u>United States v. Getto</u>, 2010 U.S. Dist. LEXIS 97396, *9 (S.D.N.Y. Aug. 25, 2010) ("A [suppression] hearing is not required if the defendant's statements are general, conclusory, or based on conjecture.") (quoting <u>United States v. Viscioso</u>, 711 F. Supp. 740, 745 (S.D.N.Y. 1989)); <u>accord</u> <u>United States v. Richardson</u>, 2010 U.S. Dist. LEXIS 139303, *4 (W.D.N.Y. Dec. 9, 2010) ("[A]ny issues that could be inferred from the bare, conclusory allegations in defendant's motion to suppress statements are insufficient to create a need for an evidentiary hearing."); <u>United States v. Castellano</u>, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985) ("No evidentiary hearing need be held where a defendant's allegations are general and conclusory or are based upon suspicion and conjecture.").

    B.    <u>BARRET's Arrest and the Search of His Home Were Supported by Overwhelming Probable Cause</u>

The affidavit supporting a search warrant is presumptively valid.  See <u>Franks v. Delaware</u>, 438 U.S. 154, 171

(1978). This presumption stems from a belief in the function of the examining magistrate as a neutral gatekeeper, and it encourages law enforcement officers to seek warrants. "The preference for warrants is most appropriately effectuated by according great deference to a magistrate's determination." United States v. Leon, 468 U.S. 897, 914 (1984) (internal quotations and citation omitted); see also United States v. Ventresca, 380 U.S. 102, 109 (1965)(probable cause more easily sustainable with warrants in doubtful cases).

Even a cursory review of the affidavit in support of the search warrant issued by Judge Azrack (attached as Exhibit A to the government's Memorandum of Law), reveals ample probable cause. The affidavit of Special Agent Ando sets forth in exhaustive detail the results of physical and electronic surveillance over the course of several months, which revealed that BARRET's residence was being used to package, store and distribute controlled substances. On numerous occasions, agents observed members of the conspiracy transport boxes containing suspected narcotics into BARRET's residence. The boxes closely resembled other boxes that had been seized by federal agents during the course of the investigation and found to contain large quantities of marijuana. Trash inspections performed by agents on several different days revealed narcotics packaging materials and a quantity of a substance that subsequently tested positive for the presence of marijuana. A trained narcotics canine also alerted to several of these materials from the trash at BARRET's residence, indicating the presence of narcotics residue. In sum, there is no basis to overturn the general presumption of validity afforded to the warrant issued by Judge Azrack.

Similarly, federal agents had ample probable cause to arrest BARRET. On the morning of his arrest, agents observed BARRET and a co-conspirator deliver boxes of marijuana to his residence after retrieving them from mailbox drops. A search of the residence revealed that the boxes contained more than 200 pounds of marijuana. Multiple loaded firearms, narcotics packaging materials and drug paraphernalia were also recovered from BARRET's residence. As set forth in the complaint approved by the Honorable James Orenstein, months of surveillance, multiple prior drug seizures and the results of the above-described search on BARRET's residence provided agents ample probable cause to effect his arrest.

      C.    <u>The Agents' Good Faith Reliance on the Search Warrant also Counsels Against Suppression</u>

      Even, assuming <u>arguendo</u>, that the search warrant were not valid, any evidence seized from the search executed on BARRET's residence is admissible because the officers acted in good faith. In <u>United States v. Leon</u>, 468 U.S. 897 (1984), the Supreme Court held that, subject to certain exceptions, the exclusionary rule of the Fourth Amendment should not be applied to suppress evidence obtained by officers acting in reasonable reliance on a search warrant that is ultimately determined to be defective. The underlying rationale for this exception is that the exclusionary rule "operates as 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.'" <u>Leon</u>, 468 U.S. at 906 (quoting <u>United States v. Calandra</u>, 414 U.S. 338, 348 (1974)); <u>see also</u> <u>Arizona v. Evans</u>, 514 U.S. 1, 10 (1995) (exclusion only warranted if it will result in "appreciable deterrence" of police misconduct).

      The determination of whether to apply the good faith exception or to exclude evidence must be made "on a case-by-case basis," and suppression should only occur "in those unusual cases in which exclusion will further the [deterrent] purposes of the exclusionary rule." <u>Leon</u>, 468 U.S. at 918. As the Supreme Court explained in <u>Leon</u>:

> The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force . . . If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge . . . that

>    the search was unconstitutional under the
>    Fourth Amendment.

Id. at 919 (citing Michigan v. Tucker, 417 U.S. 433 (1974), and quoting United States v. Peltier, 422 U.S. 531, 539, 542 (1975)).

Exclusion of evidence may still be warranted in cases where the issuing judge is "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." Leon, 468 U.S. at 923. However, in order to challenge the truthfulness of an affidavit on which a search warrant is based the defendant must make a "'substantial preliminary showing' that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." United States v. Falso, 544 F.3d 110, 125 (2d Cir. 2008) (quoting Franks v. Delaware, 438 U.S. 154 (1978)); accord United States v. Barnes, 399 F. Supp. 2d 169, 181 (W.D.N.Y. 2005). As the Second Circuit explained, in order to be granted an evidentiary hearing on this issue

>    the challenger's attack must be more than
>    conclusory and must be supported by more than
>    a mere desire to cross-examine. There must
>    be allegations of deliberate falsehood or of
>    reckless disregard for the truth, and those
>    allegations must be accompanied by an offer
>    of proof. They should point out specifically
>    the portion of the warrant affidavit that is
>    claimed to be false; and they should be
>    accompanied by a statement of supporting
>    reasons. Affidavits or sworn or otherwise
>    reliable statements of witnesses should be
>    furnished, or their absence satisfactorily
>    explained. Allegations of negligence or
>    innocent mistake are insufficient.

United States v. Falso, 544 F.3d 110, 126 (2d Cir. 2008) (citing Leon).

Without any degree of specificity, BARRET claims that the affidavit in support of the government's request for a search warrant of his residence "contains a significant number of omissions, half truths, factual misstatements and exaggerations that clearly demonstrate both 'bad faith' and a deliberate and reckless disregard for the truth." (Def. Aff. ¶ 3). These types

5

of scurrilous and unsupported accusations are woefully insufficient to merit an evidentiary hearing.

The agents here acted in good faith – they properly sought court authorization and relied upon this authorization to search the defendant's residence.  Accordingly, the defendant's motion to suppress any evidence retrieved from his residence should be denied based on the "good faith exception" without the need for a hearing.

## Conclusion

For all of the reasons set forth above, and in the government's Memorandum of Law filed on October 17, 2011, defendant CHRISTOPHER BARRET's suppression motion should be denied in its entirety.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Steven L. Tiscione
Assistant U.S. Attorney
(718) 254-6317

CC:  Jack Goldberg, Esq. (by ECF)