WMN:SLT
F#:2010R01816/OCDETF #NY-NYE-666

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>CHRISTOPHER BARRET,<br>    also known as "Derrick<br>    Brown," "Sean Brown,"<br>    "Mouthy," "The General" and<br>    "Solo,"<br>KAREEM FORREST,<br>    also known as "Dooley,"<br>RYAN ANDERSON,<br>    also known as "Dre,"<br>KERRY GUNTER,<br>    also known as "Guns,"<br>CHARLES JONES,<br>    also known as "Speedy" and<br>    "Shawn Brown,"<br>LATOYA MANNING,<br>LEON SCARLETT,<br>    also known as "Agony" and<br>    "Piggy,"<br><br>OMAR MITCHELL,<br>    also known as "Sox,"<br><br>              Defendants. | S U P E R S E D I N G<br>I N D I C T M E N T<br><br>Cr. No. 10-809 (S-3)(KAM)<br>(T. 21, U.S.C., §§<br>841(a)(1),<br>841(b)(1)(A)(vii),<br>841(b)(1)(B)(vii),<br>846, 848(a), 848(c),<br>853(a), 853(p),<br>856(a) and 856(b); T. 18,<br>U.S.C., §§<br>924(c)(1)(A)(i),<br>924(c)(1)(A)(ii),<br>924(c)(1)(A)(iii),<br>924(d), 2 and 3551 et<br>seq.; T. 28, U.S.C.,<br>§ 2461(c)) |

- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

1.   In or about and between November 2006 and December 2010, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, also known as "Derrick Brown," "Sean Brown," "Mouthy," "The General" and "Solo," did knowingly and intentionally engage in a continuing criminal enterprise, in that he committed violations of Title 21, United States Code, Sections 841, 846 and 856, including Violations One through Twenty set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant CHRISTOPHER BARRET, in concert with five or more other persons with respect to whom the defendant CHRISTOPHER BARRET occupied a position of organizer, supervisor and manager, and from which continuing series of violations the defendant CHRISTOPHER BARRET obtained substantial income and resources. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below:

Violation One
(Conspiracy to Distribute Marijuana)

2. In or about and between November 2006 and December 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally conspire to distribute and possess with intent to

2

distribute a controlled substance, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii) and 846.

Violation Two
(Maintaining a Stash House)

3. In or about and between November 2006 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally (i) use and maintain a place, to wit: 133-37 147th Street, South Ozone Park, New York (the "Stash House"), for the purpose of manufacturing, distributing and using a controlled substance, and (ii) manage and control the Stash House, as a lessee, and make the Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 856(a) and 856(b), and Title 18, United States Code, Section 2.

Violation Three
(Attempted Possession of Marijuana)

4. On or about December 3, 2010, within the District of Arizona and elsewhere, the defendant CHRISTOPHER BARRET,

together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846, and Title 18, United States Code, Section 2.

### Violation Four
(Attempted Possession of Marijuana)

5. On or about November 19, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846, and Title 18, United States Code, Section 2.

### Violation Five
(Distribution of Marijuana)

6. On or about October 7, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled

4

substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2.

### Violation Six
### (Manufacture of Marijuana)

7. On or about October 7, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally manufacture a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Seven
### (Distribution of Marijuana)

8. On or about September 30, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Eight
(Distribution of Marijuana)

9. On or about September 23, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Nine
(Distribution of Marijuana)

10. On or about September 22, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Ten
(Distribution of Marijuana)

11. On or about September 20, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER

BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Eleven
(Distribution of Marijuana)

12. On or about September 13, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Twelve
(Distribution of Marijuana)

13. On or about September 8, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of

7

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Thirteen
(Distribution of Marijuana)

14. On or about September 4, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Fourteen
(Distribution of Marijuana)

15. On or about August 30, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Fifteen
(Distribution of Marijuana)

16. On or about August 28, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Sixteen
(Distribution of Marijuana)

17. On or about August 19, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Seventeen
(Distribution of Marijuana)

18. On or about July 27, 2010, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER

BARRET, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Eighteen
(Attempted Possession of Marijuana)

19. On or about January 7, 2010, within the District of Arizona and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846, and Title 18, United States Code, Section 2.

### Violation Nineteen
(Attempted Possession of Marijuana)

20. On or about December 7, 2009, within the District of Arizona and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States

10

Code, Sections 841(a)(1), 841(b)(1)(D) and 846, and Title 18, United States Code, Section 2.

### Violation Twenty
(Attempted Possession of Marijuana)

21. On or about November 30, 2009, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER BARRET, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846, and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

### COUNT TWO
(Conspiracy to Distribute Marijuana)

22. In or about and between November 2006 and December 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER BARRET, also known as "Derrick Brown," "Sean Brown," "Mouthy," "The General" and "Solo," KAREEM FORREST, also known as "Dooley," RYAN ANDERSON, also known as "Dre," KERRY GUNTER, also known as "Guns," CHARLES JONES, also known as "Speedy" and "Shawn Brown," LATOYA MANNING, LEON SCARLETT, also known as "Agony" and

11

"Piggy," and OMAR MITCHELL, also known as "Sox," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii); Title 18, United States Code, Sections 3551 et seq.)

### COUNT THREE
(Conspiracy to Maintain Stash House)

23. In or about and between November 2006 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER BARRET, also known as "Derrick Brown," "Sean Brown," "Mouthy," "The General" and "Solo," and LATOYA MANNING, together with others, did knowingly and intentionally conspire to (i) use and maintain a place, to wit: 133-37 147th Street, South Ozone Park, New York (the "Stash House"), for the purpose of

manufacturing, distributing and using a controlled substance, and (ii) manage and control the Stash House, as a lessee, and make the Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 856(a).

(Title 21, United States Code, Sections 846 and 856(b); Title 18, United States Code, Sections 3551 et seq.)

### COUNT FOUR
(Maintaining a Stash House)

24. In or about and between November 2006 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendants CHRISTOPHER BARRET, also known as "Derrick Brown," "Sean Brown," "Mouthy," "The General" and "Solo," and LATOYA MANNING, together with others, did knowingly and intentionally (i) use and maintain a place, to wit: 133-37 147th Street, South Ozone Park, New York (the "Stash House"), for the purpose of manufacturing, distributing and using

a controlled substance, and (ii) manage and control the Stash House, as a lessee, and make the Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.).

## COUNT FIVE
(Distribution of Marijuana)

25. On or about October 7, 2010, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER BARRET, also known as "Derrick Brown," "Sean Brown," "Mouthy," "The General" and "Solo," KAREEM FORREST, also known as "Dooley," RYAN ANDERSON, also known as "Dre," KERRY GUNTER, also known as "Guns," CHARLES JONES, also known as "Speedy" and "Shawn Brown," LATOYA MANNING, LEON SCARLETT, also known as "Agony" and "Piggy," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 100

kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIX
(Use of Firearm in Relation to Drug Trafficking Crimes)

26. In or about and between November 2006 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, CHRISTOPHER BARRET, also known as "Derrick Brown," "Sean Brown," "Mouthy," "The General" and "Solo," KAREEM FORREST, also known as "Dooley," RYAN ANDERSON, also known as "Dre," KERRY GUNTER, also known as "Guns," CHARLES JONES, also known as "Speedy" and "Shawn Brown," LEON SCARLETT, also known as "Agony" and "Piggy,"

and OMAR MITCHELL, also known as "Sox," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One through Five, and did knowingly and intentionally possess said

15

firearms in furtherance of such drug trafficking crimes, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH FIVE

27. The United States hereby gives notice to the defendants charged in Counts One through Five that, upon conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

16

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT SIX

29. The United States hereby gives notice to the defendants charged in Count Six that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, including but not limited to the following: one .40 caliber Smith and Wesson semi-automatic pistol, one .45 caliber Springfield semi-automatic pistol and ammunition, recovered on or about October 7,

17

2010, and one Jimenez Arms 9 millimeter handgun and ammunition, recovered on or about June 9, 2011.

30. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*[signature]*
FOREPERSON

---

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: *[signature]*
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#2010R01816
FORM DBD-34
JUN. 85

No. 10-CR-809 (S-2)(KAM)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*CHRISTOPHER BARRET et al.*,
                                                            Defendants.

# INDICTMENT

(T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(vii),
846, 848(a), 848(c), 853(a), 853(p), 856(a) and 856(b); T. 18,
U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d), 2 and 3551 et seq.; T. 28, U.S.C., § 2461(c))

*A true bill.* _____
                                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                    *Clerk*

*Bail, $* _____

*Steven L. Tiscione, Assistant U.S. Attorney, (718) 254-6317*