**JACK G. GOLDBERG, ESQ.**
**225 Broadway Suite 905**
**New York, NY  10007**
**212 227-1900**
**Fax 212-227-2736**
**Cell 917-886-4812**
**jackgoldberg2000@yahoo.com**

VIA  ECF

February 15, 2012

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza
Brooklyn, New York 11201

    Re:    United States v. Christopher Barret
            Criminal Docket No. 10-809 (KAM)

Dear Judge Matsumoto:

    I represent Christopher Barret and respectfully urge this Honorable Court to accept this letter in lieu of a more formal response to the show cause order with regard to an alleged inadvertent violation of the protective order issued by the Court. At various times during the trial it was called to my attention that I had in some manner violated the Court's Order by prematurely disclosing the name of a cooperating witness to Mr. Barret in violation of this Court's protective order.

    I have no recollection of intentionally disclosing the name of a cooperating witness before being authorized to do so and on several occasions during the trial asked Assistant United States Attorney Steve Tiscione and co-counsel, Joseph Gentile to direct me to that portion of the trial transcript containing my alleged indiscretion. Understandably, both Mr. Tiscione and Mr. Gentile were too busy to find the pertinent portion of the transcript. When I pressed Mr. Tiscione for further elucidation, his response was that he believed the disclosure was inadvertent.

    Unaware of exactly what I was accused of, but now required to respond in writing, I telephoned Assistant United States Attorney Steve Tiscione, Emily Chang and Joseph Gentile

1

on February 14, 2012 for help pinpointing the trial transcript page number(s) containing my alleged error.

    Mr. Tiscione informed me that he believed what I'd said concerned Melbert Palmer and was said at the very close of the proceedings on January 10, 2012. I've examined the January 10, 2012 transcript and believe he was referring to what occurred on pages 393-394.

Pages 393-394 read as follows:

| | |
|---|---|
| THE COURT: | Does anybody else have objection to the chart? |
| MR. GENTILE: | I don't. |
| MR. SPORN: | I don't. |
| MR. TURNER: | I don't, your Honor. |
| THE COURT: | Is that it? |
| MR. TISCIONE: | That is it from the government, your honor. |
| MR: GOLDBERG: | When is the chart going to be offered? |
| MR. TISCIONE: | Probably at the end of his testimony. |
| MR: GOLDBERG: | At the end? |
| MR. TISCIONE: | Of Mr. Buthorn's testimony. |
| MR: GOLDBERG | It [the photo of Melbert Palmer] also referring to Melbert Palmer. |
| MR. TISCIONE: | Mr. Buthorn can testify about everything that is in the chart. |
| THE COURT: | Thank you, counsel.<br>I'll see you tomorrow at 9:00 |

    Under no circumstances was I attempting to disclose the fact that Melbert Palmer would be testifying. My concern was focused upon the admission of so-called "organizational" chart and what I recall to be a photograph of Mr. Palmer. My intent was to keep the "organizational" chart from being admitted. Mr. Palmer had been a defendant in the case. The government's introduction of photos [placed on the chart] was hardly limited to the defendants on trial.

     I apologize if there was some confusion, but this Court should note that there were no further issues from that point on. Counsel was in addition unfamiliar with this type of protective order.  Under no circumstances was it my intention to reveal the name(s) of the government's cooperating witnesses to my client.

                                         Respectfully,

                                                **/S/**

                                        Jack G. Goldberg,

JGG/sh