UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x    Cr. No. 10-809 (S-4) (KAM)

UNITED STATE OF AMERICA,

    -against-

CHRISTOPHER BARRET et al.,

                      Defendant.

-------------------------------------------------------x

JACK G. GOLDBERG'S RESPONSE TO THE ISSUES RAISED IN CHRISTOPHER BARRET'S SUPPLEMENT MOTION FOR JUDGMENT OF ACQUITAL OR IN THE ALTERNATIVE, FOR A NEW TRIAL

**Argument: 1.** Illegal Discrimination in the Selection Process and Voir Dire.

Defendant Barret opposed the Government's Motion for an anonymous and escorted jury. Other than the prejudice Mr. Barret suffered by reason of an anonymous and escorted jury, defense counsel is unaware of other jury selection issue.

Counsel communicated with Mr. Barret before and throughout the jury selection process. Defense counsel believes Mr. Barret understood what occurred during jury selection. Every question Mr. Barret asked was promptly answered by counsel.

**Argument: 2**. The Government's Extrapolation of Drug Quantity

Counsel believes this argument or objection is baseless.

**Argument: 3** No rational jury could have Found Mr. Barret Guilty Beyond a Reasonable doubt based upon the testimony of the trial witnesses:
Counsel believes Mr. Barret's objection is baseless.

Counsel raised this issue in his Rule 29 Motion.

**Argument: 4**.Mr. Barret Was Unduly Subjected to Defending Against Duplicitous "Violations" Which Served to Prejudice Him before The Jury Which Was Continuously Duped by Exaggerations and Extrapolations.

Counsel believes Mr. Barret's "Duplicitous' argument is inconsistent with the present state of the law.

**Argument 5:** <u>Mr. Barret's Counsel's Performance Fell Below Standard</u>.

Counsel was not disrespectful to Mr. Barret and would have defended him despite his inability to pay counsel's fees. Counsel never attempted to withdraw for representing Mr. Barret. Mr. Barret is in unaware that it was co-counsel, Scott L. Fenstermaker, Esq. who suggested that counsel seek CJA compensation given the exceptional circumstances, later ordered to be paid through CJA funds.

Mr. Barret repeatedly complimented counsel before and during the trial; particularly after counsel's cross examination of the cooperators.

Counsel believes it is inappropriate to express his beliefs in connection with Mr. Barret's fainting and crying episodes at trial. Counsel will also not speculate as to his present posture and disrespect towards counsel. While Mr. Barret would appear to be sorry about his predicament and cry at most counsel meeting, he never had a problem understanding what was being said. Probation Officer, Patricia Sullivan, will confirm the fact that Mr. Barret understood every question asked of him during the hour long probation interview of March 12, 2012.

At the beginning of the scheduled interview, Mr. Barret was offered an opportunity to adjourn the interview so that a Jamaican Patois or English interpreter could be present. Mr. Barret elected to proceed without one. Mr. Barret understood and responded appropriately and intelligently to every question asked by Officer Sullivan. In addition, Officer Sullivan and counsel understood everything Mr. Barret said.

During the trial, the moment Mr. Barret claimed he was having a language problem or could not understand the testimony, counsel brought this problem to the Court's attention. Before, during and after the trial counsel provided Mr. Barret with the documents and exhibits Mr. Barret was permitted to retain. Most significantly, counsel discussed every provision contained in the plea agreements offered Mr. Barret.

**Argument 6:** <u>Outrageous Official Misconduct</u>

Counsel believes this objection is both undecipherable and baseless.

**Argument 7:**  <u>3500 Material, Plea Offers and Extreme Prejudice</u>

Counsel spent days carefully reviewing the 3500 material and when permitted to read, discussed and reviewed the 3500 material with Mr. Barret. On several occasions Mr. Barret made important contributions to my cross-examination and suggested additional areas and subjects to focus upon. Council adopted many of Mr. Barrets' questions and employed them during counsel's cross-examine of several of the cooperators. At all times counsel took Mr. Barret's suggestions seriously and responded to his many questions.

Although counsel discussed the terms of the plea agreements and plea offers Mr. Barret, believed they were unrealistic and rejected them. On numerous occasions counsel spoke with the Government in order to secure a more advantageous plea offer. Despite counsel's efforts, Mr. Barret rejected every offer.

**Argument 8:**  <u>Outrageous Official Misconduct Part II</u>

Counsel believes this objection is both unreadable and baseless.

**Argument 9:**  <u>Double Jeopardy and Continuing Criminal Enterprise</u>

Counsel is well aware of *Rutledge v. United*, 517 U.S. 292 (1996) and the law concerning sentencing and the Continuing Criminal Enterprise charge. Counsel believes Mr. Barret's numerous and confused double jeopardy arguments once again do not reflect the present state of the law.

Under no circumstances will counsel dignify the insults contained in the various communications to this Court.

Dated: May 2, 2012                                              YOURS, etc
New York, New York

                                                             /S/
                                                     _____
                                                     JACK G. GOLDGERG, ESQ.
                                                   Attorney for Defendant
                                                   225 Broadway, Suite 905
                                                 New York, New York 10007
                                                 212-227-1900

The Honorable Kiyo A. Matsumoto
United States District Judge

United States District Court
Eastern District of New York
225 Cadman Plaza East
      Brooklyn, New York 11201

      Clerk of the Court (By ECF)