United States District Court
Eastern District of New York

------------------------------------X

United States of America,

    - against -                                **Memorandum and Order**

Christopher Barret,                                 No. 10-cr-809 (KAM)

        Defendant.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    A jury convicted Christopher Barret of six offenses related to his leadership of a violent drug trafficking gang.* (ECF No. 463, Verdict.) On May 27, 2014, the Court sentenced Barret to an aggregate term of imprisonment of forty years for all six counts. (ECF No. 767, Judgment.) On May 15, 2020, the Court granted in part and denied in part Barret's motion to vacate his conviction and sentence. (ECF No. 1024, Mem. & Order.) Specifically, the Court vacated Barret's convictions as to Counts Two and Three, vacated Barret's sentence as to Count Four, and ordered a resentencing on Count Four. (*Id.* 55.) On July 13, 2021, the Court held a limited resentencing,

---

* The Court assumes familiarity with the factual and procedural background, which are detailed at length in the Court's August 6, 2012, Memorandum and Order denying Barret's post-trial motions, (ECF No. 563), the Court's May 15, 2020, Memorandum and Order granting in part and denying in part Barret's motion to vacate his sentence and ordering a resentencing, (ECF No. 1024), and the Second Circuit's December 22, 2022, Summary Order affirming Barret's sentence after the resentencing, (ECF No. 1107, Mandate).

restricted in scope to Count Four, which resulted in the same aggregate prison sentence of forty years. (ECF No. 1072, Am. Judgment.)

Barret appealed the revised sentence, arguing that the Court's decision to vacate at least one of his convictions required the Court as a matter of law to conduct a plenary (or "*de novo*") resentencing rather than a limited resentencing restricted in scope to the affected count. (ECF No. 1107, Mandate.) The Second Circuit affirmed, concluding that Barret's argument was foreclosed by *United States v. Peña*, 58 F.4th 613, 619 (2d Cir. 2023), which held that a district court has discretion to determine the scope of a resentencing when a convicted defendant partially prevails on a motion to vacate under Section 2255. (*Id.* 3-4.) The Second Circuit also noted that Barret had "not advanced the alternative argument that the district court abused its discretion" in conducting a limited rather than *de novo* resentencing. (*Id.* 4.) Thus, the Second Circuit held that Barret had "abandoned that argument." (*Id.*)

On November 3, 2023, Barret filed the instant motion under 28 U.S.C. § 2255 to vacate his revised sentence. (ECF No. 1112, Mot. Vacate Sentence ("Mot.").) Barret first repeats the failed argument he made on direct appeal that the Court was required as a matter of law to conduct a *de novo* resentencing because it vacated Barret's conviction on at least one count. (*Id.* 3-5.)

2

Because the Second Circuit rejected this precise argument in Barret's direct appeal, the mandate rule procedurally bars Barret from raising it again in this Court.  *See Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) ("[T]he . . . mandate rule bars re-litigation of issues already decided on direct appeal.").  To the extent Barret argues that the Court abused its discretion in declining to conduct a *de novo* resentencing, the mandate rule procedurally bars that argument as well.  The Second Circuit found that Barret forfeited an abuse-of-discretion argument on direct appeal, (*see* Mandate 4), and the mandate rule "also applies to issues that were 'ripe for review at the time of an initial appeal but . . . nonetheless foregone,'" *United States v. Aquart*, 92 F.4th 77, 87 (2d Cir. 2024) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002)).

Next, Barret argues that his counsel was ineffective because he failed to persuade the Court to conduct a *de novo* resentencing rather than a limited resentencing.  (Mot. 6.)  An attorney's "failure to make a meritless argument does not rise to the level of ineffective assistance." *Waiters v. United States*, 472 F. Supp. 3d 7, 16 (E.D.N.Y. 2020) (quoting *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995)).  As the Second Circuit already explained, circuit precedent rendered meritless any argument that the Court was required to conduct a

3

*de novo* resentencing. (*See* Mandate 3-4 (citing *Peña*, 58 F.4th at 619).) Further, it would not have been an appropriate exercise of the Court's discretion to conduct a *de novo* resentencing. As the Court previously explained, the only reason the Court held a resentencing was to correct its erroneous imposition of a sentence on Count Four that exceeded the statutory maximum. (*See* Resent'g Tr. 17:5-6.) The Court's realization that it had made a technical error as to Count Four was "the only thing that [was] different in [that] proceeding." (*Id.* 15:15-19.) There were no changed circumstances warranting a re-examination of Barret's sentence as to any other counts, nor does Barret identify any such circumstances in his motion. (*See* Mot. 3-6.) Accordingly, Barret's attorney was not ineffective for failing to take the meritless position that the limited resentencing should have been a *de novo* resentencing.

Finally, Barret asks the Court in the alternative to construe his Section 2255 motion as a motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). (*Id.* 6.) The Court declines to do so. An "attack [on] the legitimacy of a judge's imposed sentence" must be "brought on direct appeal or in a habeas petition" or Section 2255 motion, "not in a motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Matheson*, No. 12-cr-110 (BMC), 2024 WL 2079906, at *1 (E.D.N.Y. May 9, 2024) (quoting

4

*United States v. Antney*, No. 17-cr-229 (CBA), 2021 WL 4502478, at *5 (E.D.N.Y. Sept. 30, 2021)).

Accordingly, for the reasons above, the Court respectfully denies Barret's motion in its entirety.  Because Barret failed to make a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).  The Court certifies in accordance with 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus denies *in forma pauperis* status should Barret appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  The Government is respectfully requested to serve a copy of this Memorandum and Order on Barret and to note service on the docket by August 29, 2024.

**So ordered.**

Dated:    August 28, 2024
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

5