```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
```

UNITED STATES OF AMERICA,

    - against -

CHRISTOPHER BARRET,

           Defendant.

**Memorandum and Order**

No. 10-cr-809 (KAM)

```
-----------------------------------X
```

**Kiyo A. Matsumoto, United States District Judge:**

    Presently before the Court is Christopher Barret's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons below, the Court respectfully denies the motion.

## BACKGROUND

    The Court assumes familiarity with the factual and procedural background of this case and recounts only the facts relevant to the instant motion.[1] On February 8, 2012, a jury convicted Mr. Barret of six offenses related to his leadership of a violent drug trafficking organization. (ECF No. 463, Verdict.) On May 27,

---

[1] The factual and procedural background of this case are detailed at length in the Court's August 6, 2012 Memorandum and Order denying Mr. Barret's post-trial motions, (ECF No. 563), the Court's May 15, 2020 Memorandum and Order granting in part and denying in part Mr. Barret's motion to vacate his sentence and ordering a resentencing, (ECF No. 1024), and the Second Circuit's December 22, 2022 Summary Order affirming Mr. Barret's sentence after the resentencing (ECF No. 1107, Mandate).

2014, the Court sentenced Mr. Barret to an aggregate term of imprisonment of forty years for all six counts. (ECF No. 767, Judgment.) On May 15, 2020, the Court granted in part and denied in part Mr. Barret's motion to vacate his conviction and sentence. (ECF No. 1024.) The Court vacated Mr. Barret's convictions as to Counts Two and Three, vacated Mr. Barret's sentence as to Count Four, and ordered a resentencing on Count Four. (*Id.* at 55.) On July 13, 2021, the Court held a limited resentencing, restricted to Count Four, which resulted in the same aggregate prison sentence of forty years. (ECF No. 1072.) Mr. Barret appealed the revised sentence. (ECF No. 1074.) On January 12, 2023, the Second Circuit affirmed. (ECF No. 1107.)

On March 12, 2024, Mr. Barret filed the instant motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and further requested "the Court grant counsel to represent [him] . . . to determine exactly what [his] Criminal History Category and Offense level are" and "what [his] new guidelines range aught [sic] to be." (ECF No. 1118 ("Def. Mot.") at 3.) On October 30, 2024, the government filed a response opposing Mr. Barret's motion. (ECF No. 1153 ("Gov't Resp.").) Mr. Barret was granted leave to file a reply, if any, by January 31, 2025. No reply has been filed to date.

## **LEGAL STANDARD**

A federal court generally "may not modify a term of imprisonment once it has been imposed." *United States v. Williams*, 102 F.4th 618, 622 (2d Cir. 2024) (quoting 18 U.S.C. § 3582(c)). One exception to this general rule is when "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* (quoting § 3582(c)(2)). "In such a case, a district court must determine 'whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* at 622–23 (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). If the defendant is eligible, the district court must still consider whether a sentence reduction is warranted based on the sentencing factors in 18 U.S.C. § 3553(a) and any applicable policy statements issued by the United States Sentencing Commission. *See id.* at 623.

Section 3582(c)(2) "thus establishes the following two-step inquiry: A court must first determine that a reduction is consistent with [U.S.S.G] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *United States v. Williams*, No. 20-cr-404 (MKB), 2025 WL 660213, at *12 (E.D.N.Y.

3

Feb. 28, 2025) (cleaned up)); *see United States v. Rios*, No. 24-673-cr, 2025 WL 841862, at *1 (2d Cir. Mar. 18, 2025) ("To qualify for a sentence reduction under Section 3582(c)(2), a defendant must show that his Guidelines range has been lowered by a retroactive amendment to the Guidelines." (citation omitted)).

United States Sentencing Guidelines ("Guidelines") § 1B1.10(a)(1) states, in relevant part, that where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." § 1B1.10(a)(1).

## DISCUSSION

### I.  Sentence Reduction Under § 3582(c)(2)

The gravamen of Mr. Barret's motion is that the retroactive application of Part A of Amendment 821 to the Guidelines limiting the application of "status points," effective November 1, 2023, changes his criminal history and Guidelines range, warranting a reduction.  (*See generally* Def. Mem.); *United States v. Major*, No. 23-6166-cr, 2024 WL 1404577, at *4 (2d Cir. Apr. 2, 2024) (explaining that "the Sentencing Commission has made [Amendment 821] retroactive, thereby authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2)").

Part A of Amendment 821 modified the calculation of "status

4

points" added to a defendant's criminal history score under Guideline § 4A1.1.  In its pre-Amendment form, § 4A1.1(d) instructed the addition of "2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Williams*, No. 20-cr-404 (MKB), 2025 WL 660213, at *13 (citation omitted).  Amendment 821 struck this subsection and replaced it with the following: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.* (citation omitted); *see* U.S.S.G. § 4A1.1(e).

Here, under Amendment 821, Mr. Barret would not receive any "status points" because he had less than seven criminal history points.  *See* § 4A1.1(e); (Gov't Resp. at 5).  Although Mr. Barret correctly asserts that Amendment 821 would remove two "status points" from his criminal history score, this change does not impact his Guidelines range.  At his original sentencing, the Court found that Mr. Barret was in Criminal History Category III, based on his four criminal history points from prior convictions and two "status points" from committing the offenses while on state probation.  *See* Guidelines Chapter 5, Part A (indicating subtotal of six criminal history points places defendant in Criminal History

5

Category III); (Gov't Resp. at 5). Based on being in Criminal History Category III, and an offense level of 42, Mr. Barret's Guidelines range was 360 to life. (ECF No. 792, Sentencing Transcript at 49:10-13; *see* Gov't Resp. at 5.) Applying Amendment 821, Mr. Barret would have four total criminal history points, not six, and would remain in Criminal History Category III, despite removing two "status points." *See* U.S.S.G. Chapter 5, Part A (indicating subtotal of four points places defendant in Criminal History Category III). Therefore, Mr. Barret's Guidelines range, based on an offense level of 42 and a Criminal History Category of III, would remain 360 to life. *See id.*

Because Amendment 821 does not change his Guidelines range, Mr. Barret is ineligible for a sentence reduction under § 3582(c)(2). *See Williams*, 102 F.4th at 622 (characterizing U.S.S.G. § 1B1.10(a)(2)(B) as "forbidding sentence reductions if the amendment 'does not have the effect of lowering the defendant's applicable guideline range'"); *United States v. King*, 813 F. App'x 690, 692 (2d Cir. 2020) (observing that a "sentencing court cannot reduce defendant's sentence if retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B)); *Williams*, No. 20-cr-404 (MKB), 2025 WL 660213, at *13 (noting that "'[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18

6

U.S.C. § 3582(c)(2) if' the amendment at issue 'does not have the effect of lowering the defendant's applicable guideline range.'") (citation omitted)).

Further, because there is no change in Mr. Barret's Guideline sentencing range, this Court need not consider whether an "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *King*, 813 F. App'x at 692 (where a retroactive Guidelines amendment had "no impact" on defendant's guideline range, defendant's argument to reduce sentence is "foreclose[d]").

**II. Motion to Appoint Counsel**

As noted, Mr. Barret's motion requested appointment of counsel to help him determine his applicable Criminal History Category and Offense Level in light of Amendment 821. (Def. Mot. ¶ 5.) On February 19, 2025, Mr. Barret filed a separate letter motion seeking to have an "attorney appointed to help represent [his] case in court[.]" (ECF No. 1159 at 1.) Mr. Barret states that he "never had a chance to properly represent [his] appeal to the fullest," and that he does not think his prior attorney "put forward the proper defense to represent [him] in court[.]" (*Id.*) Mr. Barret also references certain "transcripts" that are "missing and still [] missing." (*Id.*)

To the extent Mr. Barret seeks appointment of an attorney to assist him with the instant motion under § 3582(c)(2), the Court

7

denies the request. As an initial matter, "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and [] the provision of counsel for such motions should rest in the discretion of the district court." *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010). Mr. Barret is ineligible for a sentencing reduction, and thus, there is no need to appoint counsel. *See id.* at 179-80 ("[W]here it was readily ascertainable from the record that Appellant was ineligible for a reduction in sentence, the court did not abuse its discretion by denying his motion for appointment of counsel."); *United States v. Ross*, No. 15-cr-95 (JPC), 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying request for counsel where defendant "ineligible for a sentencing reduction" under Amendment 821, and therefore "there [was] no reason to appoint counsel").

To the extent Mr. Barret seeks counsel to pursue a future ineffective assistance of counsel claim regarding his appellate representation, the Court denies the request without prejudice. As an initial matter, "[t]here is no constitutional right to counsel in post-conviction proceedings[.]" *United States v. Straza*, 744 F. Supp. 3d 219, 221 (E.D.N.Y. 2024) (citing *Clemente v. Lee*, 72 F.4th 466, 478 (2d Cir. 2023)). The Court further declines to exercise its statutory discretion to appoint counsel under 18 U.S.C. § 3006A. Because Mr. Barret states only that he does not "think [his counsel] put forward the proper defense to

8

represent [him] in court," the Court does not find "the interests of justice [] require" that Mr. Barret be appointed representation, as the basis for his motion is not yet clear. (ECF No. 1159 at 1); *see* 18 U.S.C. § 3006A; *Davis v. United States*, No. 17-cr-0610-16 (LGS), 2025 WL 753541, at *2 (S.D.N.Y. Mar. 10, 2025) (denying motion for appointment of counsel under § 3006A where court found it "too early in the proceedings to determine whether Movant's 'position seems likely to be of substance'" (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1985)).

## CONCLUSION

For the reasons above, the Court respectfully denies Mr. Barret's motion to reduce his sentence and motion to appoint counsel. The Clerk of Court is respectfully directed to mail Mr. Barret a copy of this Order and to note service on the docket by April 14, 2025.

**So ordered.**

Dated:   April 10, 2025
         Brooklyn, New York   _____
                              **Kiyo A. Matsumoto**
                              United States District Judge
                              Eastern District of New York

9